FOURNET, Chief Justice.
Jelthor Brown, in prosecuting this appeal from his conviction and sentence on a charge of negligent homicide, contends that *379 the trial judge erred in allowing Ray E. Pope, who was one-half mile from the scene of the accident, to testify over his objection that when the accused passed him the accused was driving at a “very noticeably high rate of speed”; and also when the trial judge refused to give the special charge to the jury that “Criminal negligence is the greatest type of negligence known to the law. It is more than a rashly negligent, careless, and heedless act”; and in refusing his motion for a new trial based on these two alleged errors.
The first alleged error complained of is without merit. According to the per curiam of the trial judge, the defendant, who was in a hurry to get to Bogalusa to make' a purchase before a certain store closed, was driving very fast, and Pope’s testimony was in corroboration of that of several other witnesses who had already testified to the same effect. This testimony was clearly admissible. The fact that the witness was approximately % mile from the scene goes to the effect and weight to be given to the evidence rather than to its incompetency, as claimed by the accused. Moreover, the defendant was not prejudiced by the admission of such evidence since he took the stand and admitted that he was driving SO miles an hour at the time.
The second alleged error complained of is equally without merit. The trial judge properly charged the jury on criminal negligence as defined in the Criminal Code.
The motion for a new trial based on these two alleged errors presents nothing for further consideration.
For the reasons assigned, the conviction, and sentence are affirmed.